UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

MAR 1 7 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RONDELL FREEMAN, ADAM SANDERS, DAVID ANDERSON, RICKY KING, DANIEL HILL, AND JASON HODGE )
)
)
)

Plaintiffs, )
)
vs. )
)
)
)
) No. 03 C 2908
)
OFFICERS STEPHEN BOGUSIEWICZ, Star #13055 )
JOSEPH CHMIELIK, Star #19327, STEVE GEORGAS, ) Judge Samuel Der-Yeghiayan
Star # 300, JOSEPH GROH Star #4457, DANIEL SMITH, )
Star #13941, MARK STRUKE, Star #12795, et al., )
)
Defendants. )
)

## NOTICE OF FILING

TO: J. Ernest Mincy
Assistant Corporation Counsel
30 North LaSalle Street
Suite #1400
Chicago, Illinois 60602

PLEASE TAKE NOTICE that on the ___17th___ day of March, 2005, I filed in Judge Der-Yeghiayan of the United States District Court, 219 South Dearborn, Chicago, Illinois, the attached document.

Teniece Guy
Teniece Guy

## CERTIFICATE OF SERVICE

I, Teniece Guy, an attorney, do hereby certify that I caused to be served a copy of this **PLAINTIFFS' SECOND AMENDED COMPLAINT** 16th day of March, 2005, by mailing and faxing to the above named person(s).

Teniece Guy
Teniece Guy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

# FILED

MAR 1 7 2005    NF,

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RONDELL FREEMAN, ADAM SANDERS, DAVID )
ANDERSON, RICKY KING, DANIEL HILL, AND )
JASON HODGE )
)
    Plaintiffs, )
)
vs. )
)
) No. 03 C 2908
)
OFFICERS STEPHEN BOGUSIEWICZ, Star #13055 )
JOSEPH CHMIELIK, Star #19327, STEVE GEORGAS, ) Judge Samuel Der-Yeghiayan
Star # 300, JOSEPH GROH Star #4457, DANIEL SMITH, )
Star #13941, MARK STRUKE, Star #12795, SGT. )
MARTIN TANNEHILL, Star #1773, BRIAN VANDER- )
MAY, Star #13972, SGT. MICHEAL COLLINS, Star )
#1027, JAMES MCGUIRE, Star # 4597, BRIAN O'SHEA, )
Star # 7066, M. PLOVANICH, Star #14324, )
J. SCHACELMAYER, Star #319142, MARK VANEK, )
Star # 12547, MICHAEL J. WHITE, Star #18767 )
CITY OF CHICAGO, A MUNICIPAL CORPORATION )
)
    Defendants. )

## SECOND AMENDED COMPLAINT

1.   The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C.

1983 and 1988; 28 U.S.C. 1331 and 1343(3); and the Constitution of the United States,

and supplemental jurisdiction under 28 U.S.C. Section 1367.

## PARTIES

2.   Plaintiff Rondell Freeman, Adam Sanders, David Anderson, Ricky King, Daniel Hill,

and Jason Hodge are African-American males and are citizens of the United States and

residents of Chicago, Illinois.

3.   Defendant Officer Stephen Bogusiewicz, Star #13055, is a police officer employed

by the City of Chicago, and was at all times relevant to the facts alleged in this complaint,

acting within the scope of his employment and under color of law. Defendant officer Officer Stephen Bogusiewicz, is being sued individually.

4. Defendant Officer Joseph Chmielik, Star #19327, is a police offices employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of his employment and under color of law. Defendant officer Joseph Chmielik, Star #19327, is being sued individually.

5. Defendant Officer Steve Georgas, Star # 300, is a police officer employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of his employment and under color of law. Defendant officer Steve Georgas, Star # 300, is being sued individually.

6. Defendant Officer Joseph Groh Star #4457, is a police officer employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of his employment and under color of law. Defendant officer Joseph Groh Star #4457, is being sued individually.

7. Defendant Officer Daniel Smith, Star #13941, is a police officers employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of his employment and under color of law. Defendant officers Joseph Groh Star #4457, is being sued individually.

8. Defendant Officer Mark Struke, Star #12795, is a police officers employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant officer Mark Struke, Star #12795 is being sued individually.

9. Defendant Officer Sgt. Martin Tannehill, Star #1773, is police officers employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of his employment and under color of law. Defendant officers Sgt. Martin Tannehill, Star #1773, is being sued individually.

10. Defendant Officer Brian Vandermay, Star #13972, is a police officers employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of his employment and under color of law. Defendant officers Brian Vandermay, Star #1397 are being sued individually.

11. Defendant Officers Sgt. Micheal Collins, Star #1027, James Mcguire, Star # 4597, Brian O'Shea, Star #7066, M. Plovanich, Star #14324, J. Schacelmayer, Star #319142, Mark Vanek, Star # 12547, and Michael J. White, Star #18767, are police officers employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of his employment and under color of law. Defendant Officers Sgt. Micheal Collins, Star #1027, James Mcguire, Star # 4597, Brian O'Shea, Star #7066, M. Plovanich, Star #14324, J. Schacelmayer, Star #319142, Mark Vanek, Star # 12547, and Michael J. White, Star #18767 are being sued individually.

12. The City of Chicago, is a municipal corporation within the State of Illinois, and was at all times material to this Complaint, the employer of defendant police officers Stephen Bogusiewicz, Joseph Chmielik, Steve Georgas, Joseph Groh, Daniel Smith, Mark Struke, Sgt. Martin Tannehill, Brian Vandermay, Mark Vanek, Sgt. Micheal Collins, Star #1027, James Mcguire, Star # 4597, Brian O'Shea, Star #7066, M. Plovanich, Star #14324, J. Schacelmayer, Star #319142, Mark Vanek, Star # 12547, and Michael J. White, Star #18767.

3

## FACTS

13.     On April 17, 2003, at approximately 11:15 pm Rondell Freeman, Adam Sanders, David Anderson, Antonio Parker, Ricky King, Daniel Hill, and Jason Hodge had recently attended a funeral repast for Mr. Freeman's grandmother at the Cabrini O'Green Housing Project, located at 1230 N. Burling, in Chicago, Illinois.

14.     Rondell Freeman, Adam Sanders, David Anderson, Antonio Parker then entered Mr. Freeman's vehicle and prepared to depart the area. Daniel Hill and Jason Hodge remained outside the vehicle, conversing with Rondell Freeman and the other occupants of the vehicle. Also, Ricky King remained outside of the vehicle.

15.     As the plaintiffs began to leave, a defendant officer approached Mr. Freeman's vehicle and ordered him to turn off his vehicle. After plaintiff Freeman did not immediately comply, the defendant Officer Smith, without provocation then reached into the vehicle and struck plaintiff Freeman in the face.

16.     Fearful that the defendant Officer Smith or other officers would strike him again, Mr. Freeman rolled up his window and made a circle around the parking lot. He then stopped his vehicle and was approached over the next several minutes by multiple defendant officers.

17.     At that time, the plaintiffs in the vehicle observed the defendant Officer Smith without justification or provocation mace plaintiff Ricky King and forcefully throw him to the ground. Mr. King was simply observing the happenings along with other onlookers.

18.     With their guns drawn, defendant officers then ordered Mr. Freeman and his friends out the vehicle.

4

19.     Without justification, the defendant officers then shattered the windows of the vehicle and extensively sprayed tear gas in the inside of the vehicle.

20.     As Mr. Freeman attempted to exit the vehicle, the defendant officers forcefully removed him, Adam Sanders, David Anderson, and Antonio Parker from the vehicle.

21.     Next, multiple defendant officers without provocation began to maliciously beat the plaintiffs. Several defendant officers repeatedly kicked and punched Rondell, including but not limited to Officers Groh, Vandermay, Chmielik, while he lay on the ground handcuffed. Throughout the malicious attack, the plaintiffs were maced several times by different officers.

22.     Plaintiff Rondell repeatedly pleaded to the defendants, " Please stop, I can't breath." Despite Rondell's plea, the defendant continued to spray tear gas in his face.

23.     So as to inflict further physical injury on the victims, the defendant police officers sprayed yet another round of teargas in the squadrol. One such plaintiff, Adam Sanders was an asthmatic and desperately gasped for air in the gas filled closed squadrol.

24.     Jason Hodge observed a defendant officer strike Rondell Freeman, while he sat in his van. Mr. Hodge became concerned for his friends safety, who were in Mr. Freeman's van, and attempted to speak with defendant Seargeant Tannehill in the vicinity. At this time, he was approached by a defendant Officer Smith, the same officer who struck Rondell Freeman, while he sat in his van.

25.     Next, this defendant Officer Smith, told Jason Hodge to "get his fat ass back." Then, without justification or provocation the defendant Smith pushed Mr. Hodge forcefully several times. The defendant Smith then struck Mr. Hodge in the side of his face. Mr. Hodge was then handcuffed and placed in a squadrol.

26.     While Daniel Hill observed part of the incident from a sidewalk, in front of 1230 N. Burling, he was also approached by a defendant officer. This defendant officer without justification or provocation repeatedly pushed Mr. Hill against a gate. Mr. Hill was then handcuffed and placed in a squadrol which was sprayed with tear gas before and after he entered it.

27.     After Rondell Freeman, Adam Sanders, David Anderson, and Antonio Parker, Daniel Hill were placed in gas filled squadrols, they were taken to the 18th district police station and all were falsely charged with resisting a peace officer.

28.     Subsequently, the plaintiffs were released from jail. The false charges against plaintiffs, Sanders, Anderson, Hodge, and Hill were resolved in their favor. Plaintiff Freeman was found guilty of obstructions. His case is being appealed.

29.     The plaintiffs sought treatment at local hospitals for various injuries sustained as a result of the malicious beat up.

30.     On April 26, 2003, at approximately 9:30 P.M., at Cabrini O'Green Housing Project, located at 1230 N. Burling, in further retaliation and intimidation of the victims in this case, defendant officers from the 18th district without provocation and justification, maliciously beat and maced Adam Sanders, a known asthmatic, again. He was falsely arrested and charged with various offenses. He currently remains in custody and has sustained additional injuries as a result of the second attack by defendant officers.

## COUNT I

### (42 U.S.C. SECTION 1983-EXCESSIVE FORCE CLAIM)

(1-30).     Plaintiff Rondell Freeman alleges and realleges paragraphs 1 through 30 as fully set forth above.

6

31.     As a result of the unreasonable and unjustifiable attack on Rondell Freeman, he suffered both physical and emotional injuries.

32.     This unreasonable and unjustifiable beating and spraying of the Plaintiff Rondell Freeman by Defendant Officers Chmielik, Groh, Smith, and other defendants were the direct and proximate cause of his pain, suffering and mental anguish. This act by the above individual Defendants violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. 1983.

**WHEREFORE,** Plaintiff Rondell Freeman demands $25,000 in compensatory damages against Defendant Officers Chmielik, Groh, Smith, and other defendants because the Defendants acted intentionally, maliciously, willfully and/or wantonly, $25,000 individually in punitive damages, plus cost, attorney's fees, and such other additional relief as this Court deems equitable and just.

### COUNT II

### (42 U.S.C. SECTION 1983-EXCESSIVE FORCE CLAIM)

(1-30).    Plaintiff Adam Sanders alleges and realleges paragraphs 1 through 30 as fully set forth above.

31.     As a result of the unreasonable and unjustifiable attack on Adam Sanders, he suffered both physical and emotional injuries.

32.     This unreasonable and unjustifiable beating and spraying of the Plaintiff Adam Sanders by Defendant Officers Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Sgt. Tannehill, Vandermay, O'Shea, Vanek, and other defendants were a direct and proximate cause of his pain, suffering and mental anguish. These act by the above

individual Defendants violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. 1983.

**WHEREFORE,** Plaintiff Adam Sanders demands $25,000 in compensatory damages against Defendant Officers Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Sgt. Tannehill, Vandermay, O'Shea, Vanek, and other defendants and because the Defendants acted intentionally, maliciously, willfully and/or wantonly, $25,000 individually in punitive damages, plus cost, attorney's fees, and such other additional relief as this Court deems equitable and just.

**COUNT III**

**(42 U.S.C. SECTION 1983-EXCESSIVE FORCE)**

(1-30).    Plaintiff David Anderson alleges and realleges paragraphs 1 through 30 as fully set forth above.

31.    As a result of the unreasonable and unjustifiable attack on David Anderson, on April 26, 2003 at approximately 9:30 P.M., at Cabrini O'Green Housing project he suffered furtherl physical and emotional injuries.

32.    This unreasonable and unjustifiable beating of the Plaintiff David Anderson, by Defendant Officers Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Sgt. Tannehill, Vandermay, Vanek, and other defendants were a direct and proximate cause of his pain, suffering and mental anguish. These act by the above individual Defendants violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. 1983.

**WHEREFORE,** Plaintiff David Anderson demands $25,000 in compensatory damages against Defendant Officers Bogusiewicz, Chmielik, Georgas, Groh, Smith,

8

Struke, Sgt. Tannehill, Vandermay, Vanek and other defendants, and because the

Defendants acted intentionally, maliciously, willfully and/or wantonly, $25,000

individually in punitive damages, plus cost, attorney's fees, and such other additional

relief as this Court deems equitable and just.

## COUNT IV

### (42 U.S.C. SECTION 1983-EXCESSIVE FORCE CLAIM)

(1-30).    Plaintiff Ricky King alleges and realleges paragraphs 1 through 30 as fully set forth above.

31.    As a result of the unreasonable and unjustifiable attack on Ricky King, he suffered both physical and emotional injuries.

32.    This unreasonable and unjustifiable spraying of the Plaintiff Ricky King by Defendant Smith was a direct and proximate cause of his pain, suffering and mental anguish. This act by the above individual Defendant violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. 1983.

    **WHEREFORE,** Plaintiff Ricky King demands $25,000 in compensatory damages against Defendant Officer Smith because the Defendant acted intentionally, maliciously, willfully and/or wantonly, $25,000 individually in punitive damages, plus cost, attorney's fees, and such other additional relief as this Court deems equitable and just.

## COUNT V

### (42 U.S.C. SECTION 1983-EXCESSIVE FORCE CLAIM)

(1-30).    Plaintiff Daniel Hill alleges and realleges paragraphs 1 through 30 as fully set forth above.

31.    As a result of the unreasonable and unjustifiable attack on Daniel Hill, he suffered both physical and emotional injuries.

32.    This unreasonable and unjustifiable beating of the Plaintiff Daniel Hill, by Defendant Officers Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Sgt. Tannehill, Vandermay, Vanek, and other defendants were a direct and proximate cause of his pain, suffering and mental anguish. Thus act by the above individual Defendants violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. 1983.

**WHEREFORE,** Plaintiff Daniel Hall demands $25,000 in compensatory damages against Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Sgt. Tannehill, Vandermay, Vanek, and other defendants and because the Defendants acted intentionally, maliciously, willfully and/or wantonly, $25,000 individually in punitive damages, plus cost, attorney's fees, and such other additional relief as this Court deems equitable and just.

## COUNT VI

### (42 U.S.C. SECTION 1983-EXCESSIVE FORCE CLAIM)

(1-30).    Plaintiff Jason Hodge alleges and realleges paragraphs 1 through 30 as fully set forth above.

31.     As a result of the unreasonable and unjustifiable attack on Jason Hodge, he suffered both physical and emotional injuries.

32.     This unreasonable and unjustifiable beating and spraying of the Plaintiff Jason Hodge, by Defendant Officer Smith and other defendants was a direct and proximate cause of his pain, suffering and mental anguish. These acts by the above individual Defendants violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. 1983.

   **WHEREFORE,** Plaintiff Jason Hodge demands $25,000 in compensatory damages against Defendant Officer Smith and other defendants and because the Defendants acted intentionally, maliciously, willfully and/or wantonly, $25,000 individually in punitive damages, plus cost, attorney's fees, and such other additional relief as this Court deems equitable and just.

### COUNT VIII

### (SUPPLEMENTAL STATE CLAIM FOR ASSAULT AND BATTERY)

(1-30).     Plaintiff Rondell Freeman alleges and realleges paragraphs 1 through 30 as though fully set forth herein.

31.     The acts of the Defendant Officers Chmielik, Groh, Smith, and other defendants described above, were done maliciously, willfully and wantonly and with such reckless disregard for their natural consequences as to constitute assault and battery under the laws and Constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering of the Plaintiff as alleged above.

   **WHEREFORE,** Plaintiff Rondell Freeman demands judgment against each Defendant Officers Chmielik, Groh, and Smith, and other defendants, and the amount in

excess of $30,000 in compensatory damages and because the Defendants acted

maliciously, willfully and/or wantonly, in punitive or exemplary damages, plus costs for

the battery against him.

## COUNT IX

### (SUPPLEMENTAL STATE CLAIM FOR ASSAULT AND BATTERY)

(1-30).    Plaintiff Adam Sanders alleges and realleges paragraphs 1 through 30 as

though fully set forth herein.

31.    The acts of the Defendant Officers Bogusiewicz, Chmielik, Georgas, Groh,

Smith, Struke, Sgt. Tannehill, Vandermay, and other defendants described above, were

done maliciously, willfully and wantonly and with such reckless disregard for their

natural consequences as to constitute assault and battery under the laws and Constitution

of the State of Illinois, and did directly and proximately cause the injuries, pain and

suffering of the Plaintiff as alleged above.

    **WHEREFORE,** Plaintiff Adam Sanders demands judgment against each

Defendant Officers Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Sgt.

Tannehill, Vandermay, and other defendants an amount in excess of $30,000 in

compensatory damages and because the Defendants acted maliciously, willfully and/or

wantonly in punitive or exemplary damages, plus costs for the battery against him.

## COUNT X

### (SUPPLEMENTAL STATE CLAIM FOR ASSAULT AND BATTERY)

(1-30).    Plaintiffs David Anderson alleges and realleges paragraphs 1 through 30 as
though fully set forth herein.

31.    The acts of the Defendant Officers Bogusiewicz, Chmielik, Georgas, Groh, Smith,
Struke, Sgt. Tannehill, Vandermay, and other defendants described above, were done
maliciously, willfully and wantonly and with such reckless disregard for their natural
consequences as to constitute assault and battery under the laws and Constitution of the
State of Illinois, and did directly and proximately cause the injuries, pain and suffering of
the Plaintiff as alleged above.

   **WHEREFORE,** Plaintiff David Anderson demands judgment against each
Defendant Officers Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Sgt.
Tannehill, Vandermay, and other defendants an amount in excess of $30,000 in
compensatory damages and because the Defendants acted maliciously, willfully and/or
wantonly, in punitive or exemplary damages, plus costs for the battery against him.

## COUNT XI

### (SUPPLEMENTAL STATE CLAIM FOR ASSAULT AND BATTERY)

(1-30).    Plaintiffs Ricky King alleges and realleges paragraphs 1 through 30 as though
fully set forth herein.

31.    The acts of the Defendant Officer Smith described above, were done
maliciously, willfully and wantonly and with such reckless disregard for their natural
consequences as to constitute assault and battery under the laws and Constitution of the

13

State of Illinois, and did directly and proximately cause the injuries, pain and suffering of the Plaintiff as alleged above.

**WHEREFORE,** Plaintiff and Ricky King demands judgment against Defendant Officer Smith an amount in excess of $30,000 in compensatory damages and because the Defendant acted maliciously, willfully and/or wantonly, in punitive or exemplary damages, plus costs for the battery against him.

## COUNT XII

### (SUPPLEMENTAL STATE CLAIM FOR ASSAULT AND BATTERY)

(1-30).    Plaintiffs Daniel Hill alleges and realleges paragraphs 1 through 30 as though fully set forth herein.

31.    The acts of the Defendant Officers Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Sgt. Tannehill, Vandermay, and other defendants described above, were done maliciously, willfully and wantonly and with such reckless disregard for their natural consequences as to constitute assault and battery under the laws and Constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering of the Plaintiff as alleged above.

**WHEREFORE,** Plaintiff Daniel Hill demands judgment against each Defendant Offices Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Sgt. Tannehill, Vandermay, and other defendants in the amount in excess of $30,000 in compensatory damages and because the Defendants acted maliciously, willfully and/or wantonly, in punitive or exemplary damages, plus costs for the battery against him.

## COUNT XIII

### (SUPPLEMENTAL STATE CLAIM FOR ASSAULT AND BATTERY)

(1-30).    Plaintiffs Jason Hodge alleges and realleges paragraphs 1 through 30 as though fully set forth herein.

31.    The acts of the Defendant Officer Smith, and other defendants described above, were done maliciously, willfully and wantonly and with such reckless disregard for their natural consequences as to constitute assault and battery under the laws and Constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering of the Plaintiff as alleged above.

**WHEREFORE,** Plaintiff Jason Hodge demands judgment against Defendant Officer Smith and other defendants an amount in excess of $30,000 in compensatory damages and because the Defendants acted maliciously, willfully and/or wantonly, in punitive or exemplary damages, plus costs for the battery against him.

## COUNT XIV

### (SUPPLEMENTAL STATE LAW CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

(1-30).    Plaintiff Adam Sanders alleges and realleges paragraphs 1 through 20 as though fully set forth herein.

31.    Defendant Officers Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Sgt. Tannehill,Vandermay,Vanek, and other defendants intentionally engaged in extreme and outrageous behavior against Adam Sanders, an asthmatic, including, but not limited to, unjustifiably repeatedly macing and then placing in a tear gas filled squadrol, causing him mental injuries.

32.     Defendant Officers Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Sgt. Tannehill, Vandermay, and other defendants are liable for the intentional infliction of emotional distress because it was proximately caused by their actions as set forth above.

33.     The defendants' outrageous behavior caused Adam Sanders to suffer mental and emotional distress including fear, anger, humiliation and the injuries set forth above.

**WHEREFORE**, plaintiff demands compensatory damages in excess of $30,000, jointly and severally from the defendant Officers Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Sgt. Tannehill, Vandermay, Vanek , and other defendants plus costs and additional relief this Court deems equitable and just.

## COUNT XV

### (42 U.S.C. SECTION 1983-FALSE ARREST)

1-30. Plaintiff Daniel Hill alleges and realleges paragraphs 1 through 30 as fully set forth herein.

31.  The above acts of the Defendant Officers Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Sgt. Tannehill, and Vandermay, Vanek and other defendants were willfully and wantonly done without probable cause and was a direct and proximate cause of s Daniel Hill's pain, suffering and mental anguish, and therefore violated the Plaintiff's Forth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE,** Plaintiff Daniel Hill seeks $15,000 in actual or compensatory damages against each Defendant Officers Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Sgt. Tannehill, and Vandermay, Vanek, and other defendants individually and because they acted intentionally, maliciously, willfully and/or wantonly, Plaintiff demands $15,000 in punitive damages against each defendant Officer individually.

## COUNT XVI

### (42 U.S.C. SECTION 1983-FALSE ARREST)

1-30. Plaintiff Jason Hodge alleges and realleges paragraphs 1 through 30 as fully set forth herein.

31. The above acts of the Defendant Officers Smith, Sgt. Tannehil, and other defendants were willfully and wantonly done without probable cause and was a direct and proximate cause of Jason Hodge's pain, suffering and mental anguish, and therefore violated the Plaintiff's Forth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE,** Plaintiff Jason Hodge seeks $15,000 in actual or compensatory damages against each Defendant Officers Smith, Sgt. Tannehill, and other defendants individually and because they acted intentionally, maliciously, willfully and/or wantonly, Plaintiff demands $15,000 in punitive damages against each defendant Officer individually.

## COUNT XVII

### (42 U.S.C. SECTION 1983-FALSE ARREST)

1-30. Plaintiff David Anderson alleges and realleges paragraphs 1 through 30 as fully set forth herein.

31. The above acts of the Defendant Officers Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Sgt. Tannehill, Vandermay,Vanek, and other defendants were willfully and wantonly done without probable cause and was a direct and proximate

cause of David Anderson pain, suffering and mental anguish, and therefore violated the Plaintiff's Forth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE,** Plaintiff David Anderson seeks $15,000 in actual or compensatory damages against each Defendant Officers Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Sgt. Tannehill, Vandermay, Vanek, and other defendants individually and because they acted intentionally, maliciously, willfully and/or wantonly, Plaintiff demands $15,000 in punitive damages against each defendant Officer individually.

## COUNT XVIII

### (42 U.S.C. SECTION 1983-FALSE ARREST)

1-30. Plaintiff Adam Sanders alleges and realleges paragraphs 1 through 30 as fully set forth herein.

31. The above acts of the Defendant Officers Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Sgt. Tannehill, Vandermay,Vanek, and other defendants were willfully and wantonly done without probable cause and was a direct and proximate cause of David Jason Hodge pain, suffering and mental anguish, and therefore violated the Plaintiff's Forth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE,** Plaintiff Jason Hodge seeks $15,000 in actual or compensatory damages against each Defendant Officers Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Sgt. Tannehill, and Vandermay, Vanek, and other defendants individually and

because they acted intentionally, maliciously, willfully and/or wantonly, Plaintiff

demands $15,000 in punitive damages against each defendant Officer individually.

## COUNT XIX

### (MALICIOUS PROSECUTION UNDER ILLINOIS LAW)

1-30. Plaintiff Daniel Hill alleges and realleges paragraphs 1 through 30 as

though fully set forth herein.

31. The above prosecution was initiated by the defendants to cover up the

unjustifiable beating of the Plaintiff Daniel Hill.

32. The defendants signed complaints against Plaintiff which began the

prosecution of him. Defendants further gave false statements against Plaintiff Daniel Hill

to the prosecution.

33. The unjustifiable prosecution was resolved in the Plaintiff's behalf and,

therefore, said prosecution was in violation of the Illinois law.

34. The unjustifiable prosecution of the Plaintiff Daniel Hill was done willfully

and wantonly and was the direct and proximate cause of the physical and mental injuries

suffered by the Plaintiff.

**WHEREFORE**, Plaintiff Daniel Hill seeks $25,000 in actual or compensatory

damages against each Defendant Officers Sgt. Collins Georgas, Smith, Plovanich, and

Schaelemayer individually and because the above defendants acted intentionally,

maliciously, willfully and/or wantonly, Plaintiff demands $15,000 in punitive damages

against each defendant officer.

## COUNT XX

### (MALICIOUS PROSECUTION UNDER ILLINOIS LAW)

1-30. Plaintiff Jason Hodge alleges and realleges paragraphs 1 through 30 as though fully set forth herein.

31. The above prosecution was initiated by the defendants to cover up the unjustifiable beating of the Plaintiff Jason Hodge.

32. The defendants signed complaints against Plaintiff which began the prosecution of him. Defendants further gave false statements against Plaintiff Jason Hodge to the prosecution.

33. The unjustifiable prosecution was resolved in the Plaintiff's behalf and, therefore, said prosecution was in violation of the Illinois law.

34. The unjustifiable prosecution of the Plaintiff Jason Hodge was done willfully and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiff.

**WHEREFORE**, Plaintiff Jason Hodge seeks $25,000 in actual or compensatory damages against each Defendant Officers Defendant Officers Sgt. Collins Georgas, Smith, Plovanich, and Schaelemayer individually and because the above defendants acted maliciously, willfully and/or wantonly, Plaintiff demands $15,000 in punitive damages against each defendant officer.

## COUNT XXI

## (MALICIOUS PROSECUTION UNDER ILLINOIS LAW)

1-30.   Plaintiff David Anderson alleges and realleges paragraphs 1 through 30 as though fully set forth herein.

31.   The above prosecution was initiated by the defendants to cover up the unjustifiable beating of the Plaintiff David Anderson.

32.   The defendants signed complaints against Plaintiff which began the prosecution of him. Defendants further gave false statements against Plaintiff Jason Hodge to the prosecution.

33.   The unjustifiable prosecution was resolved in the Plaintiff's behalf and, therefore, said prosecution was in violation of the Illinois law.

34.   The unjustifiable prosecution of the Plaintiff David Anderson was done willfully and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiff.

**WHEREFORE**, Plaintiff David Anderson seeks $25,000 in actual or compensatory damages against each Defendant Officer Smith, individually and because the above defendant acted maliciously, willfully and/or wantonly, Plaintiff demands $15,000 in punitive damages against each defendant officer.

## COUNT XXII

## (MALICIOUS PROSECUTION UNDER ILLINOIS LAW)

1-30.  Plaintiff Adam Sanders alleges and realleges paragraphs 1 through 30 as though fully set forth herein.

31.  The above prosecution was initiated by the defendants to cover up the unjustifiable beating of the Plaintiff Adam Sanders.

32.  The defendants signed complaints against Plaintiff which began the prosecution of him. Defendants further gave false statements against Plaintiff Jason Hodge to the prosecution.

33.  The unjustifiable prosecution was resolved in the Plaintiff's behalf and, therefore, said prosecution was in violation of the Illinois law.

34.  The unjustifiable prosecution of the Plaintiff Adam Sanders was done willfully and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiff.

**WHEREFORE**, Plaintiff Adam Sanders seeks $25,000 in actual or compensatory damages against each Defendant Smith individually and because the above defendant acted intentionally, maliciously, willfully and/or wantonly, Plaintiff demands $15,000 in punitive damages against each defendant officer.

## COUNT XXIII

## (CONSPIRACY TO MALICIOUSLY PROSECUTE UNDER ILLINOIS LAW)

1-30. The Plaintiffs, allege and realleges paragraphs 1 through 30 as though fully set forth herein.

31.     Defendants Officers Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Tannehill, Vandermay, Collins, McGuire, O'Shea, Plovanich, Schacelmayer, Vanek, and White  reached an understanding, engaged in a sequence of events or course of conduct, and otherwise agreed and conspired to maliciously prosecute the Plaintiffs.

32.     Each Defendant did reach this understanding and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would advance and continue the false and malicious prosecution of the Plaintiffs in violation of Illinois.

32.     Acting in furtherance of this plan and conspiracy, the Defendants committed overt acts to prosecute the Plaintiffs which included a) false statements to the prosecutor, b) false statements to OPS, c) false police reports;, d) false testimony at trial. This course of conduct by the Defendants was done willfully, maliciously, intentionally, or with reckless disregard, and directly and proximately caused serious injury to the Plaintiffs.

**WHEREFORE**, the Plaintiffs seek $250,000 in actual or compensatory damages against Defendants Officers Officers Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Tannehill, Vandermay, Collins, McGuire, O'Shea, Plovanich, Schacelmayer, Vanek, and White  because they acted intentionally, maliciously, willfully and/or wantonly, $100,000 in punitive damages, jointly and severally against each Defendant named in this Count.

23

## COUNT XXIV

## (RESPONDENT SUPERIOR UNDER ILLINOIS LAW/CITY OF CHICAGO)

(1-30).    Plaintiffs Rondell Freeman Adam Sanders, David Anderson and Ricky King alleges and realleges paragraphs 1 through 30 as though fully set forth herein.

31.    The aforesaid acts of Defendants Bogusiewicz, Chmielik, Georgas, Groh, Smith, Struke, Sgt. Tannehill, Vandermay, Collins, McGuire, O'Shea, Plovanich, Schacelmeyer, Vanek, and White in beating and/or spraying of Plaintiffs Rondell Freeman, Adam Sanders, David Anderson, Ricky King, Daniel Hill, and Jason Hodge, and falsely arresting and charging Adam Sanders, David Anderson, Daniel Hill, and Jason Hodge were done within the scope of their employment as Chicago police officers, were willful and wanton, and therefore the defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of respondent superior.

    **WHEREFORE**, Plaintiffs Rondell Freeman, Adam Sanders, David Anderson, Ricky King, Daniel Hill, and Jason Hodge demand judgment against Defendant City of Chicago plus costs, and such other additional relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully Submitted,

Standish E. Willis
Teniece Guy
Attorneys for Plaintiff

Dated: 03/15/05

The Law Office of Standish E. Willis
407 South Dearborn Street
Suite 1395
Chicago, Illinois 60605
(312) 554-0005